PROB 12B
(7/93)



**FILED**
DISTRICT COURT OF GUAM
FEB 1 0 2006
MARY L.M. MORAN
CLERK OF COURT

*United States District Court*

for

*District of Guam*

### Report for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Veronica E. Cruz**   Case Number: **CR 01-00009-002**

Name of Sentencing Judicial Officer:   Honorable John S. Unpingco

Date of Original Sentence:   September 20, 2001

Original Offense:   Theft of U.S. Mail, in violation of 18 U.S.C. § 1708.

Original Sentence:   Six month imprisonment term followed by a three year term of supervised release with conditions: refrain from the use of any and all alcoholic beverages; participate in a drug treatment program approved by the U.S. Probation Office and make co-payment for treatment at a rate determined by the U.S. Probation Office; obtain and maintain employment; pay restitution in the amount of $44,862.81 jointly and severally with co-defendant Jesse T. Wells; not incur any new credit charges or open additional lines of credit without the approval of the U.S. Probation Office; provide the U.S. Probation Office access to any requested financial information; pay all outstanding debts; and pay a $100 special assessment fee. **Modified** on December 4, 2002 to include 100 hours of community service as a sanction for noncompliance. **Modified** on January 8, 2003 to include that she participate in a mental health treatment program. **Modified** on January 5, 2005 to include 250 hours of community service as a sanction for noncompliance. **Revoked** on March 29, 2005 and sentenced to one day imprisonment, followed by a one year term of supervised release. **Informational** report filed on October 20, 2005.

Type of Supervision: Supervised Release   Date Supervision: April 15, 2005

### PETITIONING THE COURT

☐ To extend the term of supervision _____ years, for a total term _____ years.

☒ To modify the conditions of supervision as follows:

1.   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

**ORIGINAL**

Report for Modifying the
Conditions or Term of Supervision with
Consent of Offender

page 2

## CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Veronica Cruz's history of drug use, and the drug detection period of her drug of choice. As methamphetamine is the offender's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Ms. Cruz's mandatory condition to set the maximum number of tests she must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Ms. Cruz has tested consistently negative for drug and alcohol use since the commencement of supervision. She successfully completed the drug treatment and testing phase system on November 18, 2003 and completed her community service requirement on October 4, 2005. She paid her $100 special assessment fee on March 4, 2004, and voluntarily submitted to a DNA collection of her blood on January 25, 2005. Ms. Cruz has been unable to fulfil her employment requirement and as a result makes periodic, minimal payments towards her restitution obligation. Her balance as of February 2, 2006 remains at $44,572.81.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Ms. Cruz's consent to the modification.

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: 2/7/06

Respectfully submitted,

by: JOHN W. SAN NICOLAS II
U.S. Probation Officer
Date: 2/6/06

## THE COURT ORDERS

☐ No Action

☑ The Extension of Supervision as Noted Above.

☑ The Modification of Conditions as Noted Above.

☐ Other

RECEIVED
FEB - 8 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

LARRY ALAN BURNS, Designated Judge

2-9-06
Date

PROB 49
(3/89)

# United States District Court

District  Guam

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.


Witness  John W. San Nicolas II            Signed  Veronica E. Cruz
         U.S. Probation Officer                    Probationer or Supervised Releasee

                    February 2, 2006
                          Date